UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

- against -

HECTOR SILVESTRE, individually and d/b/a VACCA GRILL & LOUNGE; and NYSTOG IMPORT CORP., an unknown business entity d/b/a VACCA GRILL & LOUNGE,

        Defendants.

**ORDER**

18 Civ. 3731 (PGG) (JLC)

---

PAUL G. GARDEPHE, U.S.D.J.:

        The Complaint was filed on April 27, 2018, and alleges that Defendants Hector Silvestre and NYSTOG Import Corp. – operators of Vacca Grill & Lounge, a New York City restaurant – unlawfully intercepted and broadcast a championship boxing match, to which Plaintiff J & J Sports Productions had been granted exclusive commercial distribution rights. (See Cmplt. (Dkt. No. 1))

        Defendants did not answer or appear in the action, and on October 5, 2018, following a hearing, this Court entered an order of default against Defendants. (See Order (Dkt. No. 27)) That same day, the action was referred to Magistrate Judge James Cott for a Report and Recommendation (R & R) concerning the appropriate damage award. (See Order of Reference (Dkt. No. 28)) On October 17, 2018, Plaintiff filed a motion for attorneys' fees. (Mot. (Dkt. No. 31)) This motion was also referred to Judge Cott for an R & R. (Am. Order of Reference (Dkt. No. 35))

On January 14, 2019, Judge Cott issued an R & R addressing both the appropriate measure of damages against Defendants, and the motion for attorneys' fees. (R & R (Dkt. No. 36)) The R & R recommends that Plaintiff be awarded $20,242.50 in damages, $753 in attorneys' fees and costs, and post-judgment interest on all sums, commencing when judgment is entered, until the date of payment. (Id. at 1, 17) The R & R further recommends that Defendant Silvestre be found jointly and severally liable for all damages. (Id. at 17-18)

As to damages, the R & R explains that Plaintiff elected to pursue statutory damages, and that pursuant to 47 U.S.C. § 605 – the relevant statute in this case – such damages are calculated by awarding the greater of (1) "'a flat sum . . . that the particular establishment . . . would have had to pay to secure the rights to the broadcast in question," and (2) the product of "multiply[ing] (a) the number of patrons present in the establishment when the unauthorized display occurred by (b) a figure representing the estimated price that each patron would have had to pay to view an authorized broadcast of the event at home.'" (Id. at 7-8) (quoting J &J Sports Prods., Inc. v. Fantasy Bar & Rest. Corp., 17 Civ. 5355(JGK)(DF), 2018 WL 5018065, at *4 (S.D.N.Y. Sept., 20, 2018))

The R & R concludes that the latter method is appropriate here, reasoning that the former method would yield $6,000 in damages, because the fee for a sublicense for the broadcast cost that amount (id. at 2-3, 7-8), while the latter method would yield $8,242.50 in damages, because approximately 150 patrons were in Vacca Grill & Lounge during the unauthorized broadcast of the boxing match, and that number multiplied by $54.95 – the figure courts have deemed the appropriate per-person multiplier in these circumstances – totals $8,242.50. (Id. at 8) The R & R then explains that enhanced damages – which are available under Section 605 where a violation is "committed willfully and for purposes of direct or indirect commercial advantage

2

or financial gain" – are appropriate, and awards $12,000 in such damages, for a total of $20,242.50 (Id. at 9)

As to attorneys' fees and costs, the R & R notes that Plaintiff has not submitted contemporaneous records reflecting such amounts, but recommends awarding attorneys' fees at a rate of $300 per hour for Plaintiff's counsel's attendance at the default judgment hearing – which lasted for 30 minutes – and $603 in costs, reflecting filing and process server fees. (Id. at 13-16)

As to pre-judgment interest, the R & R recommends that it be denied, both because it is duplicative of enhanced damages, and because the Complaint does not provide sufficient notice that Plaintiff seeks such relief. (Id. at 16 & n.9) As to post-judgment interest, the R & R notes that plaintiffs are entitled to such interest as a matter of right. (Id. at 17)

As to Defendant Silvestre's individual liability, the R & R recommends that he be found jointly and severally liable for all damages, because Plaintiff "alleged in its pleadings that Silvestre 'specifically directed or permitted employees of Vacca Grill & Lounge to unlawfully intercept and broadcast [the boxing match] . . . or intentionally intercepted, and/or published the [match] at Vacca Grill & Lounge himself." (Id. at 18 (quoting Cmplt. (Dkt. No. 1) ¶ 11))

The R & R was filed on January 14, 2019. The R & R recites the requirement that parties must file objections within fourteen days of service, pursuant to Fed. R. Civ. P. 72(b) and Fed. R. Civ. P. 6(a), and recites the consequences for a failure to timely object. (See id. at 19) To date, neither side has filed objections to the R & R. Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without de novo review. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of

3

further judicial review of the magistrate's decision."). The Court will excuse a failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here; to the contrary, the R & R is thorough and well-reasoned. Accordingly, the R & R's recommendations will be adopted in their entirety.

## CONCLUSION

For the reasons stated above, the R & R is adopted in its entirety and Plaintiff is awarded (1) $20,242.50 in damages; (2) $753 in attorneys' fees and costs; and post-judgment interest on both sums, beginning from the date the Clerk of Court enters judgment, and continuing until the date of payment.

The Clerk is further directed to terminate the motion for attorneys' fees (Dkt. No. 31) and to close this case. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

Dated: New York, New York
July 22, 2019

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge